UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

AMBIANCE GR,

       Plaintiff,

v                                 Civil Action No. 1:23-cv-1335

                                 Hon. Jane M. Beckering

CITY OF GRAND RAPIDS,

       Defendant.

---

| | |
|---|---|
| Tyrone Bynum (P82427) | Elizabeth J. Fossel (P41430) |
| *Attorney for Plaintiff* | Sarah J. Hartman (P71458) |
| Law Offices of Tyrone Bynum PLLC | Megan E. Luptowski (P84826) |
| 7125 Hearley Street, Suite 433 | *Attorneys for City of Grand Rapids* |
| Ada, MI 49301 | City of Grand Rapids Law Department |
| Ph: (616) 608-7409 | 300 Monroe Ave. NW, Ste. 620 |
| tyrone@lawofficesoftyronebynumpllc.com | Grand Rapids, MI 49503 |
| | Ph: (616) 456-1318 |
| | efossel@grand-rapids.mi.us |
| | shartman@grand-rapids.mi.us |
| | mluptowski@grand-rapids.mi.us |

---

## DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE AND/OR EXCLUDE PLAINTIFF'S EXHIBITS ATTACHED TO THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 10, 12, AND 56

### ***ORAL ARGUMENT REQUESTED***

I.      **INTRODUCTION**

In deciding Defendant's Motion to Dismiss (ECF No. 28, PageID.310), brought pursuant to Rule 12(b)(6), this Court should not consider Plaintiff's "Exhibits" attached to its First Amended Complaint.  Those "Exhibits" were not properly attached to the current, superseding Second Amended Complaint.  Even if they has been, the Exhibits are not "written instruments" which may be attached to a pleading. Fed. R. Civ. P. 10(c).  Moreover, Exhibit A, the "Affidavits," are facially invalid.  As such, Plaintiff's Exhibits should be stricken from the record entirely.

Plaintiff, Ambiance GR, has filed several versions of its Complaint against the City of Grand Rapids, and each version submitted has been vague, poorly written, and difficult to decipher.  Making matters more difficult to understand is the way in which each of the documents has been electronically filed through PACER.  The improperly filed "Affidavits" and "Exhibits" are referenced in the Second Amended Complaint and in Plaintiff's Response to the Motion to Dismiss, but those Exhibits are filed with neither document.  (*See, Second Am. Compl.,* ECF No. 24, PageID.280-282; *Pla. Resp. Br.,* ECF No. 32, PageID.375.)  Instead, the "Exhibits" were ***only*** filed with the First Amended Complaint.  Plaintiff refers to "Exhibit A" to the First Amended Complaint as being "Affidavits."  (*First Am. Compl.*, ECF No. 16, PageID.89.)  But these "Affidavits" are improperly made and not in conformance with Federal Rule 56(c)(4).  Even if they were properly made, they are not "written instruments" which can be filed as an attachment to a pleading. Fed. R. Civ. P. 10(c).

Therefore, Defendant requests that this Honorable Court not consider these "Affidavits" and "Exhibits," which are improperly made and filed, when deciding Defendant's Motion to Dismiss brought pursuant to Rule 12(b)(6).  The City of Grand Rapids further requests that this

Honorable Court strike them from the record completely pursuant to Federal Rules 10(c), 12, and/or 56.

## II.   <u>PROCEDURAL HISTORY</u>

Plaintiff brought this lawsuit in Kent County Circuit Court in December 2023.  The City of Grand Rapids promptly removed the case to Federal Court based on federal question jurisdiction.  (*Removal,* ECF No. 1, PageID.1-23.)  Subsequently, Defendant filed a Motion to Dismiss in lieu of an Answer to the Complaint (*Motion,* ECF No. 8, PageID.33-34), but Plaintiff was provided the opportunity to amend its pleading.  (*Order,* ECF No. 11, PageID.50.)  Plaintiff did so, filing its First Amended Complaint on February 8, 2024.  (*First Am. Compl.,* ECF Nos. 15, 16, and 17[1].)  In the First Amended Complaint, Plaintiff states that the attached Exhibits include:

> "Affidavits…attached as EXHIBIT A and Several additional copious notes have been attached as EXHIBITS 1-8 as a part of Ambiance Engagement Record with Grand Rapids Police Department, Mark Washington, other city staff and Grand Rapids City Commissioners as Engagement Record."

(*First Am. Compl.*, ECF No. 16 at PageID.89 and ECF No. 17 at PageID.136.)

Then, upon Plaintiff's counsel's request, a stipulation was agreed to allowing Plaintiff to further amend its pleading.  (ECF No. 22, PageID.266-7.)  Plaintiff's Second Amended Complaint was filed on February 29, 2024.  (*Second Am. Compl.,* ECF No. 24 and 24-1, PageID.270-303.)  Plaintiff's Second Amended Complaint was filed in two parts, with the second half *of the pleading itself* filed as an "exhibit."  (ECF No. 24-1, PageID.284-303.)  Significantly, none of the prior Exhibits or Affidavits (which were filed with the First Amended Complaint) were attached to the Second Amended Complaint, even though they are again referenced in the pleading.  (*See,* ECF No. 24 at PageID.280, 282 and ECF No. 24-1 at PageID.286-8, PageID.293, PageID.296, and

---

[1] It appears that Plaintiff filed the First Amended Complaint three times, each with different exhibits attached.  (*See,* ECF Nos. 15-17, PageID.58-261.)

3

PageID.298.)  The Second Amended Complaint – like the First Amended Complaint – continues to refer to Exhibit A as "Affidavits."  (*Second Am. Compl.,* ECF 24-1, PageID.287.)

Now, in response to Defendant's Motion to Dismiss, Plaintiff again refers to "sworn affidavits of the factual events that took place…".  (*Pla. Resp. Br.,* ECF No. 32 at PageID.375-6.) Since no new "affidavits" were attached to the Plaintiff's Response to Defendant's Motion to Dismiss, the Defendant can only assume that the affidavits referred by the Plaintiff in its Response is a reference to is the "Affidavits" attached as Exhibit A to the First Amended Complaint.

For the reasons set forth below, Plaintiff's "Exhibits," including the "Affidavits," should not be considered and should be struck from the record in their entirety.

## III.   LAW AND ARGUMENT

Plaintiff's Exhibits, filed with the First Amended Complaint, are not "written instruments" which can be considered part of the pleading.  Fed. R. Civ. P. 10(c).  Even if they were "written instruments," they were not filed with the Second Amended Complaint, which superseded and replaced the First Amended Complaint when it was filed.  Finally, even if Plaintiff had filed those Exhibits with the superseding Second Amended Complaint, to the extent that Plaintiff claims they are sworn Affidavits, they do not meet the requirements of a facially valid affidavit.  Fed. R. Civ. P. 56(c).

### A.   PLAINTIFF'S EXHIBITS ARE NOT WRITTEN INSTRUMENTS, AND THEREFORE ARE NOT PROPERLY PART OF THE PLEADING.

Pursuant to Rule 10(c), only a "written instrument" attached to a complaint is properly part of the pleading and may be considered when deciding a motion to dismiss.  *See e.g., Glenn v. McClellan,* No. 22-CV-10883, 2022 WL 18283197, at *4 (E.D. Mich. Dec. 5, 2022), report and recommendation adopted, No. 22-10883, 2023 WL 185091 (E.D. Mich. Jan. 12, 2023), citing Fed. R. Civ. P. 10(c).  "[E]videntiary support offered in the form of an affidavit" should not be

transformed into part of the pleadings. *Id.* at *5 (citations omitted). In other words, an affidavit is not a substitute for substantive allegations that need to be included in the complaint itself, even if the affidavit is attached to the pleading. *See e.g., Bowens v. Aftermath Entertainment*, 254 F.Supp.2d 629 (E.D.Mich. 2003). An affidavit containing information missing from the complaint, rather than simply verifying well-pled factual allegations, is a "lengthy exhibit containing extraneous or evidentiary material that should not be attached to the pleadings." *Id.* Similarly, a prisoner's grievance record is not a "written instrument," because it does not evidence legal rights or duties, as a contract properly attached to a complaint as a "written instrument" would. *Glenn, supra.* citing *Robison v. Coey,* No. 2:15-cv-944, 2016 WL 4721209, at *7-8 (S.D. Ohio Sept. 9, 2016).

Here, Ambiance GR's Exhibits to the First Amended Complaint are only the type of "evidentiary support" that is not a "written instrument." Instead, Plaintiff's Exhibits appear only to be self-serving, type-written notes or journals of events and the opinions of the Plaintiff's owners[2]. Then, oddly, Plaintiff attempts to convert those "notes" into Affidavits by attaching notarized signatures as a separate "Exhibit A." Plaintiff should not be permitted to convert this "evidentiary material" to factual allegations. None of these documents should be considered "written instruments," and should not be treated as part of the Second Amended Complaint.

### B. PLAINTIFF'S EXHIBITS WERE NOT FILED WITH OR ATTACHED TO THE SECOND AMENDED COMPLAINT, WHICH SUPERSEDED AND REPLACED THE FIRST AMENDED COMPLAINT WHEN IT WAS FILED.

When Plaintiff filed its Second Amended Complaint, that subsequent pleading superseded and replaced the First Amended Complaint. It is now the controlling pleading and the subject of Defendant's Motion to Dismiss. *See e.g., Ky. Press Ass'n v. Kentucky,* 355 F. Supp. 2d 853 (E.D.

---

[2] Plaintiff's pleadings have not identified who the owners of Ambiance GR are. On information and belief, the individuals who signed the "Affidavits" are the owners of Ambiance GR.

Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000)(holding that the amended complaint supersedes all previous complaints and becomes the operative pleading.)  Those Exhibits, including the "Affidavits," which were attached only to the First Amended Complaint are not part of the Second Amended Complaint because the First Amended Complaint has been replaced.  Therefore, since Plaintiff's "Exhibits" were not filed with the Second Amended Complaint, they should not now be considered as part of Plaintiff's pleading which is the subject of the Defendant's currently pending Motion to Dismiss for failure to state a claim.

### C.  PLAINTIFF'S AFFIDAVITS ARE FACIALLY DEFECTIVE AND SHOULD BE STRICKEN FROM THE RECORD.

Moreover, Plaintiff's "Affidavits" are facially defective and should be struck. Federal Rule of Civil Procedure 56 provides, in part:

> ***Affidavits and Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c)(4).  "An affidavit that does not satisfy the requirements of Rule 56[] is subject to a motion to strike." *Collazos-Cruz v. U.S.,* 117 F.3d 1420 (6th Cir. 1997).  Rule 12 provides, in part, that "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  It seems that Plaintiff considers the Exhibits to be part of the complaint.  Defendant does not seek to have its Motion to Dismiss converted to a Motion for Summary Judgment but has moved only for dismissal based on Plaintiff's failure to state a viable claim in the Second Amended Complaint.  As stated above, Plaintiff's Exhibits should not be considered part of the Second Amended Complaint because they were not "written instruments"

and were not filed with the Second Amended Complaint.  Regardless, the "Affidavits" are facially

deficient and should be struck anyway.

First, Plaintiff's purported "Affidavits" do not satisfy the requirement that they be made on

"personal knowledge."  Ideally, the affidavit itself will expressly state the basis for the affiant's

personal knowledge.  *See e.g., Reddy v. Good Samaritan Hosp. & Health Ctr.,* 137 F.Supp.2d 948,

956 (S.D. Ohio 2000).  However, here, Plaintiff's "Affidavits" are made "to the best of my ability

and knowledge, that each exhibit is truthful and an accurate record of events."  This statement fails

to satisfy the personal knowledge requirement in several ways.  First, as with statements made "on

information and belief," statements that are made "to the best of my ability and knowledge," do

not satisfy the personal knowledge requirement. *Reddy, supra.*

More importantly, Plaintiff's Affidavits, which are made by several individuals (Johnathan

Jelks, Jamiel Robinson, Jamal Chilton, Lacy Jones, and Alvin Hills IV) state only that:

> I am a witness and/or participant of and to the evidence provided, as a list
> of exhibits attached to my affidavit.  I swear to the accuracy and
> truthfulness, to the best of my ability and knowledge, that each exhibit is
> truthful and an accurate record of events.

(*First Am. Compl. Exhibit A,* ECF No. 16-1, PageID.102-112.)  Despite the "affidavits" each say

that there is "evidence provided" and "exhibits" attached to the affidavit, none of the affidavits

attach any such document.  This leaves Defendant in the untenable position of having to guess

what those "exhibits" are supposed to be.  Even speculating that the numbered exhibits that follow

(also attached to the First Amended Complaint) are the "evidence" and "exhibits" intended,

Defendant cannot begin to determine who the author of each of document (or portion of each

document) was, let alone what specific information each individual is asserting they personally

witnessed or have the requisite first-hand knowledge about.  (*First Am. Compl, Exhibits 1-6,* ECF

Nos. 16-3, 16-4, 17-1, 17-2, 18-1, 18-2, 18-3.)  Simply put, the Affidavits facially do not provide

enough information to make it clear that each Affiant has made the Affidavit on personal knowledge, let alone identify what that personal knowledge is for each individual affiant.

Next, an Affidavit must set out facts that would be admissible into evidence.  Here, again, assuming the numbered exhibits attached to the *First Amended Complaint,* are the "facts" that each Affiant is swearing to, those "facts" consist largely of improper lay opinions and hearsay – and not admissible evidence.

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Opinion testimony of lay witnesses is limited to opinions that, are "rationally based on the witness's perception;" and are "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and are "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Here, Plaintiff's Affidavits, which appear to incorporate "Exhibits 1-6" of the First Amended Complaint, contain opinion statements that cannot be "rationally based" on the affiant's perception and contain hearsay.  For instance, the following excerpts are definitional hearsay or are simply self-serving lay opinions of the Affiants:

- "Policing has been heavily influenced by the George Floyd murder causing departments nationwide to be hesitant or refusing to police the black community."  (ECF No. 16-3, PageID.116.)  (*Unsubstantiated lay opinion.*)

- "Captain Reilly … stated that police morale was extremely low.  He stated that police felt under appreciated [sic] by the community. …. He told Ambiance proprietors that we shouldn't play hip hop music." (ECF No. 16-3, PageID.119.)  (*Hearsay.*)

- That the "police" told Jonathan [Jelks] he "should run for City Commission."  (ECF No. 16-4, PageID.122.)  (*Hearsay.*)

- "…Ambiance was being discriminated against because it was a black owned business and a lot of the outside trouble was perceived to be being caused by black people."  (ECF No.16-4, PageID.124.)  (*Lay opinion.*)

- "…Ambiance was being used as a pawn in a greater chess game between [city officials] who were not aligned on police policy." (ECF No. 16-4, PageID.124.) (*Lay opinion.*)

- "We have been handled with gross negligence & a nonchalant indifference that has now affected our business & business reputation.  We plan on holding all parties accountable." (ECF No. 18-2, PageID.246.)  (*Lay opinion, self-serving statements.*)

- That Ambiance's landlord "had made it clear it was also holding the business accountable for unruly acts that transpired not in the actual business and facility, but in the entire neighborhood and that if acts of violence persisted 'your business will be done.'"  (ECF 16-4, PageID.124.)  (*Hearsay.*)

- "The cops clearly disliked and had no faith in the City Commission…"  (ECF No. 16-4, PageID.124.)  (*Hearsay, improper lay opinion.*)

These are just a few examples contained in the lengthy documents that can only be described as type-written notes or journal entries by some unidentified author.  Even if each of these statements had properly been included in a proper, facially valid Affidavit, they would not be admissible because they are either hearsay or improper lay opinions. Fed. R. Evid. 701, 801.  A court may strike a "baseless" affidavit that is "fraught with obvious examples of speculation, hearsay, supposition, and innuendo…" *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368, 371 (6th Cir. 1996). Plaintiff's purported "Affidavits" are similarly baseless, containing mostly speculation, hearsay, supposition, and innuendo.  They, too, should be struck from the record.

Finally, to be valid, an Affidavit must "show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  None of the "Affidavits" demonstrate that the individual affiants are competent to testify.  None state the age of any individual affiant, none state the individual's relationship to Ambiance GR, and none say how they have any personal knowledge or expressly identify what of the type-written, self-serving "evidence" is personally made by them.  Based on the documents submitted, none of the Affiants have identified that they are "competent to testify on the matters stated," let alone identified what specific matters they are saying they intend to testify to.

IV.     **CONCLUSION**

WHEREFORE, Defendant, the City of Grand Rapids, requests that this Honorable Court enter an Order striking Plaintiff's Exhibits to the First Amended Complaint from the record in their entirety; disregarding them in consideration the Motion to Dismiss Plaintiff's Second Amended Complaint; decide that the Affidavits are facially deficient; and award the Defendant such other relief as may be just and proper under the circumstances.

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated: May 9, 2024

*/s/ Sarah J. Hartman*
Sarah J. Hartman (P71458)
Attorney for the City of Grand Rapids
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
Ph: (616) 456-3802
shartman@grand-rapids.mi.us

10

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.3(d)**

This Brief was prepared by the use of Microsoft Word 365 and contains 2597 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(d).

Respectfully submitted,

Dated: May 9, 2024                           By: */s/ Sarah J. Hartman*
                                                 Sarah J. Hartman (P71458)
                                                 Assistant City Attorney

11