UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

AMBIANCE GR,

    Plaintiff,

v

CITY OF GRAND RAPIDS,

    Defendant.

Civil Action No. 1:23-cv-1335

Hon. Jane M. Beckering

| | |
|---|---|
| Tyrone Bynum (P82427)<br>*Attorney for Plaintiff*<br>Law Offices of Tyrone Bynum PLLC<br>7125 Hearley Street, Suite 433<br>Ada, MI 49301<br>Ph: (616) 608-7409<br>tyrone@lawofficesoftyronebynumpllc.com | Elizabeth J. Fossel (P41430)<br>Sarah J. Hartman (P71458)<br>Megan E. Luptowski (P84826)<br>*Attorneys for City of Grand Rapids*<br>City of Grand Rapids Law Department<br>300 Monroe Ave. NW, Ste. 620<br>Grand Rapids, MI 49503<br>Ph: (616) 456-1318<br>efossel@grand-rapids.mi.us<br>shartman@grand-rapids.mi.us<br>mluptowski@grand-rapids.mi.us |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

A.  INTRODUCTION

Plaintiff's response to the City's motion to dismiss is – like the three versions of its complaint so far – quite scattershot and often difficult to decipher. It appears, however, that Plaintiff has chosen not to respond to most of the City's arguments directly, and to some not at all. As a result, Plaintiff should be deemed to have conceded the City's positions, which in turn will resulting in dismissal. To the extent that Plaintiff has made any discernable arguments, the City offers the following reply.

B.  **PLAINTIFF DID NOT SAVE ITS *MONELL* CLAIM**

Plaintiff does not materially contest the factual background laid out in the City's brief in support of its motion to dismiss. Nor does it take issue with the law that the City laid out regarding what Plaintiff must show to support a *Monell* claim.

Instead, Plaintiff merely argues in its Response that it alleged that "the City, 'as matter of custom, policy and practice,… failed to adequately discipline, train, screen, supervise, transfer, counsel or otherwise direct or control police officers concerning the rights of citizens with mental disabilities with whom the police come into contact[.]' (Compl. ¶37)." *See, Plaintiff's Response Brief*, ECF No. 32, PageID.375.

As a preliminary matter, paragraph 37 of the Second Amended Complaint does not contain the allegation as quoted, nor does that statement appear anywhere else in that pleading. *See, Second Am. Compl.,* ECF No. 24 and 24-1, PageID.270-303. Even if it did, this "allegation" is no more than a "threadbare recital of the elements" of a *Monell* claim "supported by mere conclusory

1

statements" which will not suffice to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 868 (2009) (citation omitted).[1]

Plaintiff's argument thereafter appears to devolve into a failure to train claim and focuses on what Plaintiff describes as the City's "deliberate indifference" as shown by "sworn affidavits" and other documents that Defendant included as exhibits to the First Amended Complaint. *See Plaintiff's Brf.,* ECF No. 32, PageID.375-376. These exhibits, according to Plaintiff, "outline[] the factual events that Plaintiff believes are the proof that the City acted with indifference, that enough individuals received notice of this behavior and that indifference became the racist custom of the GRPD." *Id.*, PageID.376. This argument is unavailing for several reasons.

First, these exhibits were not attached to the Second Amended Complaint (ECF No. 24), but only to the First Amended Complaint (ECF Nos. 16, 17, and 18). The Second Amended Complaint superseded and replaced the First Amended Complaint and it alone (without any exhibits) is the controlling pleading. *See, e.g., Ky. Press Ass'n v. Kentucky*, 355 F.Supp. 2d 853 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000) holding that the amended complaint supersedes all previous complaints and becomes the operative pleading); *see also*, *Glass v. Kellogg Co.,* 252 F.R.D. 367, 368 (W.D. Mich. 2008) (amendment "nullified" the original complaint). Thus, these "exhibits" are of no effect.[2]

Second, even if the exhibits were in play here, they do not constitute proper "sworn affidavits" and cannot be considered part of the pleading. *See,* Fed. R. Civ. P. 10(c) and 56(c)(4). The "affidavits" themselves are not written instruments which can be considered as part of the

---

[1] Moreover, this case has nothing to do with allegations of discrimination based on "mental disabilities" so that portion of the "allegation" clearly does not help Plaintiff survive the City's motion to dismiss.

[2] To clarify this issue, the City is also filing a motion to strike these "exhibits" simultaneously with this Reply Brief.

2

pleading. Fed. R. Civ. P. 10(c). Also, they are facially deficient as they do not appear to be made on personal knowledge, do not contain admissible evidence (but only self-serving lay opinions and hearsay), and do not demonstrate how the affiants are each competent to testify. Fed. R. Civ. P. 56(c)(4). The affidavits themselves do not provide any facts, but instead refer to "exhibits" and "evidence" which was not attached to the individual affidavits. *See,* ECF 16-1, PageID.102-112. Defendant is merely *assuming* that Plaintiff's intention was that the other exhibits (number 1 through 6) are what the individual affiants were referring to. And those numbered exhibits (again, which were only attached to the First Amended Complaint) appear to be type-written notes or journals of an unidentified author(s), email exchanges, text messages, and news articles. *See,* ECF 16-2, 16-3, 16-4, 17-1, 17-2, 17-3, 18-1, 18-2, and 18-3.

In fact, the bulk of these exhibits appear to be self-serving notes of events, communications, or the opinions of Plaintiff's owners. In this regard, they are out of court statements offered for the proof of the matter asserted and constitute hearsay. Fed. R. Evid. 801(c). They are thus inadmissible unless an exception applies. Fed. R. Evid. 802. Plaintiff, however, makes no argument for the application of a hearsay exception, and none exists.[3] Therefore, to the extent these exhibits are asserted as affidavits, they are facially invalid under Rule 56(c)(4).

Third, even if the Court were to consider these exhibits as evidence of "indifference" on the part of the City, as Plaintiff suggests, indifference alone is not sufficient to state a claim for *Monell* liability based on a failure to train. Rather, Plaintiff must *also show* that "the City's training

---

[3] Even if Plaintiff tried to offer these documents as business records, there is no foundation to do so. Fed. R. Evid. 803(6) would require Plaintiffs to show that: (A) the record was "made at or near the time" by a person with knowledge; (B) "the record was kept in the course of a regularly conducted activity of a business"; (C) "making the record was a regular practice of that activity;" and (D) all the conditions above must be "shown by the testimony of the custodian or another qualified witness of by a certification." Fed. R. Evid. 803(6)(A)-(D). Plaintiff has not met any of these requirements.

program was inadequate for the tasks that an officer must perform" and that "the inadequacy [in the training] was closely related to or actually caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Circuit 2019). Further, the deliberate indifference must be shown to have *resulted* in the inadequate training. *Id.* Plaintiff makes *no* argument, nor does it offer *any* factual allegations, with respect to these requirements. In fact, Plaintiff does not address these requirements at all, let alone refute the City's arguments on these issues. *See Defendant's Brf.*, ECF No. 29, PageID.322-324.

Much of the remainder of Plaintiff's brief on this issue consists of the repeated conclusory insistence that the City was indifferent to the "racial culture in GRPD" with respect to Plaintiff's desire for "additional officers for Hip Hop and or Black events," based on the alleged statements of Lt. Dean – who, according to Plaintiff, was speaking for "the entire police force." *See Plaintiff's Brf.*, ECF No. 32, PageID.376 and ECF 24-1, PageID. 287. However, as the City pointed out in its brief, Plaintiff's position is legally deficient. ECF No. 29, PageID.320-322.

First, the City cannot be held vicariously liable for the actions of an employee such as Lt. Dean. *Monell* 436 U.S. at 691. Second, Plaintiff's own pleadings make clear that the Chief of Police (rather than Lt. Dean) was the final policy maker for the department. See, e.g., ECF No. 24, PageID. 278-279 (Second Amended Complaint, ¶31) ("the Chief made police policy for the City" and "failed to train and discipline his force and … ratified the illegal acts through his failure to investigate, determine and punish individual officers concerned"). As noted in Defendant's brief, "the problem for Ambiance in this regard is that there is no allegation that Lt. Dean's comments were reported to the Chief or that the Chief became otherwise aware of Lt. Dean's comments through Ambiance or through Mark Washinton (who allegedly did hear of these events). Thus, Ambiance failed to establish that Lt. Dean's attitude reflected or became the City's "own policy,

practice or custom," because it failed to plead any facts that would "connect the policy to the municipality as required by *Shaffer, supra,* at *3 and *Vereeche*, 609 F.3d at 403." ECF No. 29, PageID. 321.

Again, Plaintiff has not responded, much less refuted, any of these arguments. The Court should therefore conclude that Plaintiff concedes these points and has abandoned its claim. *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.2d 785, 787 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this point and abandons the claim"). Plaintiff's *Monell* claim in the Second Amended Complaint must therefore be dismissed.

### C. PLAINTIFF DID NOT SAVE ITS EQUAL PROTECTION CLAIM

Plaintiff admits that "Defendant is correct regarding Plaintiff's argument for Equal Protection, in relationship to a disparate treatment claim." ECF No. 32, PageID.378. It then curiously states that "Disparate treatment was introduced as a caveat." *Id*.

Plaintiff goes on to argue that it meets the first two requirements of an equal protection case based on disparate treatment with the cursory statements that: "Plaintiffs are members of a protected class. Plaintiff Ambiance GR owners are all African American men therefore Ambiance GR LLC is a Black-owned business[]" and that "Plaintiffs were denied law enforcement protection and assistance when Plaintiff requested GRPD assistance." ECF No. 32, PageID.380. Not only are these statements conclusory in nature, they are made without any record support whatsoever.[4]

---

[4] While Plaintiff alleged that its ownership was "Black," ECF No. 24, PageID. 280 (¶¶ 33-34), it has never actually identified its owners or investors in its pleading.

Beyond that, the fundamental flaw with Plaintiff's equal protection claim remains its utter failure to adequately plead facts to show the existence of any comparators who were "similarly situated." As noted in *Brown v. City of Wyoming*, 658 F. Supp 3d 546 (2023):

> "'Similarly situated' is a term of art – a comparator… must be similar 'in all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011); *see also Tree of Life Christian Schs v. City of Upper Arlington*, 905 F.3d 357, 368 (6th Cir. 2018) ("A plaintiff bringing an equal protection claim must be 'similarly situated to a comparator 'in all relevant respects.'" (quoting *Paterek*, 801 F.3d at 650).

*Brown*, 658 F. Supp 3d at 568.

In its Second Amended Complaint, Plaintiff made a general allegation that "white businesses" were treated more favorably than Plaintiff. *See generally,* ECF No. 24, PageID. 282-283 (¶¶ 40-42). But the only "businesses" it identified were DeVos Place Center and VanAndel Arena. *Second Am. Compl.,* ECF No. 24, PageID. 281(¶37).[5] While Plaintiff now admits that it is required "to identify comparators, individuals similarly situated," ECF No. 32, PageID.381, it offers no facts, and makes no argument to show that VanAndel and DeVos are similarly situated in all relevant respects to Plaintiff, other than to state that each "is a business located in the downtown Grand Rapids area." *Id.* If being a downtown business were all that were needed to make Van Andel and DeVos Place similarly situated, then arguably every business located

---

[5] In its brief, Plaintiff claimed that it also listed "Flanagans" (presumably it means as a comparator). However, the only reference to Flanagans is in paragraph 106, where Plaintiff alleges that its "owners informed Commissioner Senita Lenear that nearby white owned businesses did not like Ambiance GR being downtown Grand Rapids, especially Flanagan's, Ambiance believed." ECF No. 24-1, PageID.298. This appears to be no more than an expression of Plaintiff's own opinion or conclusion that Flanagan's harbored some kind of ill will towards it. More importantly, there is no allegation whatsoever that Flanagan's received better treatment than Plaintiff, much less any factual allegations that would show that Flanagan's was similarly situated to Plaintiff in all relevant respects. Thus, Plaintiff has failed to plead that Flanagan's is a comparator for purposes of a disparate treatment analysis. *Brown v. City of Wyoming*, 658 F.Supp.3d 546, 568-569 ("Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.") (citations omitted).

downtown would be similarly situated – the drycleaners, the law firms, the realtors, the sandwich shops, and even Ellis Parking lots (which, according to Plaintiff, had just as much trouble with the lack of police response to criminal behavior as it did). In that event, the requirement that a comparator be similarly situated "in all relevant respects" would have no meaning. That cannot be the law. See e.g., *ARJN #3 v. Cooper*, 517 F.Supp.3d 732, 748-749 (M.D. Tenn. 2021) (gyms and protests are not similarly situated to a full service restaurant for purpose of equal protection analysis).

But even if it were, Plaintiff has pled no facts to support the allegation that Van Andel and DeVos are "white owned" businesses. Even though it has had multiple opportunities to amend its complaint, and even though the City made this very point in its first motion to dismiss,[6] as well as in the present motion, Plaintiff has offered nothing but its own conclusion that these businesses are "white owned" and similarly situated to Plaintiff. This is insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). Plaintiff's allegation that VanAndel Arena and Devos Place are similarly situated businesses is a legal conclusion. The court need not and should not accept the allegation as true. *Id*. Moreover, Plaintiff offers no more than a "threadbare recital[] of the elements" of an equal protection, supported only by the "mere conclusory statements" that these businesses are "white owned." Plaintiff therefore fails to state a claim for equal protection and is subject to dismissal pursuant to Fed. R. Civ. Pro. 12 (b)(6). *Iqbal*, 556 U.S. at 678.

---

[6] See, ECF No. 9, PageID.43-44.

### D. PLAINTIFF ABANDONED ITS GROSS NEGLIGENCE CLAIM

Plaintiff's response to the City's arguments for dismissal of Plaintiff's gross negligence claim consists of the following single sentence: "Ambiance's [sic] argued gross negligence and will defer to the argument in the 2nd Amended Complaint." ECF No. 32, PageID.381. Plaintiff has abandoned this claim as a matter of law. *PNC Bank, Nat. Ass'n v. Goyette Mechanical Co., Inc.*, 88 F.Supp.3d 775 (2015).

In *PNC Bank*, third-party plaintiffs raised a claim of unjust enrichment against third-party defendants who, in turn, moved for dismissal on multiple substantive grounds. *Id*, 88 F.Supp. at 784-785. Third-party plaintiffs failed to address the arguments substantively which led the Court to state the following:

> The third-party plaintiffs' response to these arguments consists of only a single reference to their unjust enrichment claim: "To the extent the civil conspiracy and unjust enrichment claims are based on well pled facts in the Complaint, dismissal is not warranted." That statement fails to address the substance of the third-party defendants' contentions. A plaintiff abandons undefended claims. *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir.2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss*); Meridith v. Allen Cty. War Memorial Hosp. Comm'n*, 397 F.2d 33, 34 n.2 (6th Cir. 1968) ("Plaintiff also alleged in his complaint that jurisdiction existed under the antitrust laws, but this allegation was not advanced either in opposition [to] defendants' motion to dismiss or on appeal, and we therefore assume that the claim of antitrust violation has been abandoned."); *Mekani v. Homecomings Fin., LLC*, 752 F.Supp.785, 797 (E.D. Mich. 2010) (stating that where a plaintiff fails to respond to an argument in a motion to dismiss, "the Court assumes he concedes this point and abandons the claim"). *The third-party plaintiffs' statement mentioning the unjust enrichment claim is neither an argument nor a defense. The third-party plaintiffs' have abandoned the claim.*

*Id*., 88 F.Supp at 785 (punctuation in original, emphasis added). The same result should obtain here.

The City made multiple substantive arguments that Plaintiff's gross negligence claim failed as a matter of law. These included the arguments that (1) gross negligence is not an independent

8

cause of action, (2) governmental immunity is merely a defense against a claim of governmental immunity when raised by an individual state actor in connection with his or her underlying individual torts; and (3) the Second Amended Complaint only named the City – not any individual, nor any underlying tort, to which the concept of gross negligence might be applied. See ECF No. 29, PageID. 327-328.

Defendant did not respond to any of these arguments substantively. As in *PNC Bank*, Plaintiff's "statement mentioning the [gross negligence] claim was neither an argument nor a defense." *PNC Bank*, 88 F.Supp. at 785. Consequently, Plaintiff has abandoned this claim. *Id*.

### E. CONCLUSION

For all of these reasons, and for the reasons stated in the City's primary brief, the City respectfully asks this Court to dismiss Plaintiff's Second Amended Complaint in its entirety.

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated: May 9, 2024         By: */s/ Elizabeth J. Fossel*
                               Elizabeth J. Fossel (P41430)
                               Director of Civil Litigation
                               City of Grand Rapids, Dept. of Law

9

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.3(d)**

This Brief was prepared by the use of Microsoft Word 365 and contains 2,862 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(d).

                                                                            Respectfully submitted,

                                                                            THE CITY OF GRAND RAPIDS,

Dated: May 9, 2024                                            By: */s/ Elizabeth J. Fossel*
                                                                                  Elizabeth J. Fossel (P41430)
                                                                                  Director of Civil Litigation
                                                                                  City of Grand Rapids, Dept. of Law