UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

AMBIANCE GR,

    Plaintiff,

v                                                   Civil Action No. 1:23-cv-1335

                                                 Hon. Jane M. Beckering

CITY OF GRAND RAPIDS,

    Defendant.

Tyrone Bynum (P82427)
*Attorney for Plaintiff*
Law Offices of Tyron Bynum PLLC
7125 Hearley Street, Suite 433
Ada, MI 49301
Ph: (616) 608-7409
tyrone@lawofficesoftyronebynumpllc.com

Elizabeth J. Fossel (P41430)
Sarah J. Hartman (P71458)
Megan E. Luptowski (P84826)
*Attorneys for City of Grand Rapids*
City of Grand Rapids Law Department
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
efossel@grand-rapids.city.mi.us
shartman@grand-rapids.city.mi.us
mluptowski@grand-rapids.mi.us

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION AND BRIEF FOR EXTENSION OF TIME TO FILE A
RESPONSIVE PLEADING PURSUANT TO
<u>RULE 6(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE</u>**

TABLE OF CONTENTS

I. BACKGROUND AND PROCEDURAL HISTORY ............................................................. 3

II. LAW AND ARGUMENT ................................................................................................... 4

    A. Plaintiff Has Not Demonstrated "Good Cause." .................................................................. 5

    B. Plaintiff Cannot Show that its Inaction was Caused by "Excusable Neglect." ................ 5

        1. Prejudice to the Defendant ................................................................................................ 6

        2. Delay's Impact on Judicial Proceedings ........................................................................... 7

        3. Reason for the Delay ......................................................................................................... 7

        4. Delay Within Reasonable Control of the Plaintiff ............................................................ 8

        5. Lack of Good Faith .......................................................................................................... 9

III. CONCLUSION .................................................................................................................... 9

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed its Complaint against the City of Grand Rapids in December 2023. (*Compl.,* ECF No. 1-3, PageID.16.) Since that time, Defendant has been working diligently toward obtaining dismissal for this lawsuit, which has no merit. (*Mot. to Dismiss,* ECF No. 8, PageID.33-34; *Second MTD,* ECF No. 28, PageID. 310.) Plaintiff has had the opportunity to file three versions of his Complaint and has sought multiple extensions to do so. (*Compl., supra; Stip. to Extend Time,* ECF No. 13, PageID.54-55; *Am. Compl.,* ECF Nos. 15-18; PageID.58-267; *Stip. to Extend Time and for Leave to file a Second Amended Complaint,* ECF No.20, PageID.263-4; *Second Amended Complaint,* ECF No. 24, PageID.270-283.) Each time, Defense counsel has stipulated to these extensions.

Now, faced with a pending Motion to Dismiss and Defendant's Motion to Strike certain improper exhibits that Plaintiff relies on response to that Motion, Plaintiff's counsel once again seeks more time than permitted by the Court Rules. But this time, the additional request was not made until *after the deadline to respond to the motion had passed.* Defendant's Motion to Strike was filed on May 9, 2024 (ECF No. 33, PageID.383-4 and ECF No. 34, PageID.385-395.) Pursuant to Local Rule 7.3(c), Plaintiff's response to the Motion to Strike was due on May 23, 2024. Plaintiff's counsel seemingly did not even recognize the error until May 30, 2024 – a week *after* the deadline had passed - when he reached out to Defendant's counsel stating that he had "…struggled to keep up with [his] other cases…" and thus requested an "… extension from June 6, 2024 to June 14, 2024…" to respond to the Motion to Strike. (*Email*, **Exhibit A**.)

Defendant does not lightly oppose this request. Keeping in mind the collegiality of the local bar, Defense counsel determined that Plaintiff's counsel had not demonstrated the type of cause necessary for such further delay in this case, and, therefore, decided to refuse to stipulate to

the extension this time. (**Ex. A.**) Plaintiff's counsel then indicated that he had talked "with the court and [] was informed to go ahead and file a motion for an extension as soon as possible." Again, not lightly, Defense counsel indicated that they would not concur with the proposed extension. (**Ex. A.**) Defense counsel *did not say that they would oppose the motion* – just that they did not concur. (**Ex. A.**)

Despite being told to file the instant Motion seeking an extension of time "as soon as possible" by the Court, Plaintiff did not do so until Monday, June 10, 2024 - two and a half weeks after the original response to the Defendant's Motion to Strike was due and 10 days after being told to file for an extension of time "as soon as possible." (**Ex. A;** ECF No. 37, PageID.414-416.) Plaintiff then asked for *an additional two weeks* – to June 24, 2024 - to respond to the Motion to Strike. (*Id.*)

Due to the number of delays in this case, Defendant respectfully requests that this Court deny Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Strike, and grant Defendant's Motion.

II.     LAW AND ARGUMENT

"When an act may or must be done within a specified time, the court may, for **good cause**, extend the time… on motion made after the time has expired if the party failed to act because of **excusable neglect**." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added). Pursuant to the Local Rules, "any party opposing a nondispostive motion **shall**, within fourteen (14) days of service of the motion, file a responsive brief and supporting materials." L. Civ. R. W.D. Mich. 7.3(c) (emphasis added).

Thus, where "a party seeks to extend a deadline after it has already passed, Rule 6(b)(1)(B) requires a showing of both 'good cause' and 'excusable neglect' for failing to act before the

4

deadline passed." *Venture Express, Inc. v. Vanguard National Trailer Corp.,* 585 F. Supp. 3d 1060, 1070 (2022), citing Fed. R. Civ. P. 6(b)(1)(B).  Here, Plaintiff cannot show that it has "good cause" or "excusable neglect" necessitating further delay.

### A.  Plaintiff Has Not Demonstrated "Good Cause."

The standard for determining good cause "is the moving party's diligence in attempting to meet" the deadlines.  *Venture, supra*. at 1070, citing *Inge v. Rock Fin. Corp.,* 281 F. Supp. 3d 613, 25 (6th Cir. 2002) (additional citations omitted).   Here, Plaintiff has not shown diligence at any turn of this lawsuit, let alone in responding to the Motion to Strike.  This is Plaintiff's third request to extend time in this case.  Plaintiff did not even ask to extend the deadline to respond to the Motion to Strike until a week after the deadline had passed, then, upon realizing the error, was told by the Court to "as soon as possible" file a motion to extend time.  (**Ex. A.**)   Even with that, he waited another week to even ask for the Extension of Time – and then sought another 2 weeks for the response to the underlying Motion to Strike.  (ECF No. 37, PageID.414-416.)  This is not and cannot be considered "diligence" and, therefore, Plaintiff cannot show good cause for the extension.

### B.  Plaintiff Cannot Show that its Inaction was Caused by "Excusable Neglect."

Generally, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'…" *Venture, supra.*  However, the Supreme Court has recognized that "excusable neglect" is an "elastic concept" requiring an examination of the equities involved in "all of the relevant circumstances surrounding the omission." *Venture, supra.* at 1070, citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (add'l citations omitted).   The determination of whether or not excusable neglect exists requires analysis pursuant to a five-factor balancing test, as follows:

5

> (1) the danger of prejudice to a nonmoving party,
> (2) the length of the delay and its potential impact on judicial proceedings,
> (3) the reason for the delay,
> (4) whether the delay was within the reasonable control of the non-moving party, and
> (5) whether the late-filing party acted in good faith.

*Venture, supra* at 1070.

Here, in support of this request for more time, Plaintiff states only that its "legal counsel failed to respond in a timely manner as a result of the death of an unrelated client." (*Motion to Extend,* ECF No. 37, PageID.416 at ¶3.) Plaintiff's counsel "was notified of the death on May 19, 2024 at 4:50 PM." (*Id.* at ¶4.) Counsel then admits that he disregarded all his other obligations "in order to offer assistance to the immediate family of the deceased client." (*Id.* at ¶8.) While he desire to help the family of a deceased client is honorable, Plaintiff's counsel does not really explain why the death of a client – who is not a client in *this case, but some other, unrelated, lawsuit or prosecution* – caused the delay in *this* case. Moreover, Plaintiff does not explain how further delay would not prejudice the Defendant, whether this additional delay would have an impact on the proceedings, or that Plaintiff acted in good faith.

1. <u>Prejudice to the Defendant</u>

First, the Defendant City of Grand Rapids would be prejudiced by further extensions and delay here. In *Ross v. MMI Asset Management Group, LLC,* 2024 WL 2750005 (E.D. Mich., May 29, 2024), the Court found that a delayed response would prejudice the opposing party where doing so delayed the Court's adjudication of the case. *Ross,* quoting *Wilkerson v. Jones,* 211 F. Supp. 2d 856, 858-9 (E.D. Mich. 2002). As in the Eastern District cases, this request for extension of time further delays Defendant's pending Motion to Dismiss. Thus, Defendant is prejudiced by the delay.

6

2. Delay's Impact on Judicial Proceedings

Second, the length of the delay may seem short on its face, but when viewed in conjunction with the other extensions previously granted in this case, Plaintiff demonstrates a clear pattern of neglect having an impact on the judicial proceedings. This Court should consider the number of delays – all at Plaintiff's request – that have cumulatively delayed adjudication of this lawsuit:

- Plaintiff obtained an extension to file his first Amended Complaint – from February 1, 2024 to February 8, 2024. (*Stipulation,* ECF No. 12, PageID.52-53 and ECF No. 13, PageID.54-55.)

- Then, *after* Defendant filed its Motion to Dismiss, Plaintiff again requested to amend his pleading. (*Stipulation,* ECF No. 22, PageID.266-267.) This brought the case to February 29, 2024.

- Once Defendant finally filed the currently-pending Motion to Dismiss, Plaintiff again sought and obtained an extension of time to respond to April 22, 2024. (*Stipulation to Extend*, ECF No. 31, PageID.364.)

These continued delays in this case have had an impact on the proceedings, and in particular, with Defendant's seeking dismissal.

3. Reason for the Delay

Third, the Court must consider the reason for the delay. Plaintiff asserted the death of a client as his reason for the delay. The undersigned is sympathetic to Plaintiff's counsel in his loss, however, it is a precarious choice when one does not timely respond to a client's ongoing deadlines in favor of another client's interests. Plaintiff's counsel has not really explained why such a death necessitated his inattention to this case. It would be understandable if the client who passed away was one of the owners of the company Plaintiff here, but that is not what is asserted. Certainly,

7

asking for an extension of time due to the passing of a close family member is routinely granted without question. But, here, Plaintiff's counsel asks the Defendant and this Court to give him more time without explaining why the loss of a client necessitated his disregard for this matter, and that he had to "pause everything" to support the deceased client's family. (ECF No. 37, PageID.416, at ¶8.)

Plaintiff's counsel is well-versed in the consequences in this Court for missed deadlines. [*See, e.g. Wilson v Kent County Sheriff, et. al,* 1:20-cv-975, 2022 BL 212552, (W.D. Mich June 21, 2022), where this Court chastised Plaintiff's counsel for his failure to timely move to compel discovery, failure to renew an untimely motion to compel discovery, and failure to move to extend the discovery deadline which had expired over a year prior as factors in dismissal of the case under Rule 41.] While the delay here is not as extreme as that in the *Wilson* case, and Defendant is not currently seeking dismissal for failure to prosecute, a pattern can be seen when comparing that case with the multiple delays and requests for extension now.

    4.  <u>Delay Within Reasonable Control of the Plaintiff</u>

Fourth, this Court should weigh whether the delay was in the control of the party seeking the extension of time. While it can be presumed the death of a client was not in control of Plaintiff or its counsel, Plaintiff's counsel did have control over how to respond to the death. Rather than immediately contacting the Defendant's counsel or the Court to request an extension which would have been within the response deadline, Plaintiff filed this Motion to Extend Time eighteen (18) days <u>past the deadline</u>. Plaintiff did not even contact Defendant until seven (7) days post-deadline with a request for an extended deadline to June 14, 2024. (**Ex. A.**) Despite this Court advising Plaintiff's counsel to file a request for more time "as soon as possible," the Motion was not submitted until June 10, 2024, ten days after the initial contact with the Defendant and the Court

asking for an extension of time due to the passing of a close family member is routinely granted without question. But, here, Plaintiff's counsel asks the Defendant and this Court to give him more time without explaining why the loss of a client necessitated his disregard for this matter, and that he had to "pause everything" to support the deceased client's family. (ECF No. 37, PageID.416, at ¶8.)

Plaintiff's counsel is well-versed in the consequences in this Court for missed deadlines. [*See, e.g. Wilson v Kent County Sheriff, et. al,* 1:20-cv-975, 2022 BL 212552, (W.D. Mich June 21, 2022), where this Court chastised Plaintiff's counsel for his failure to timely move to compel discovery, failure to renew an untimely motion to compel discovery, and failure to move to extend the discovery deadline which had expired over a year prior as factors in dismissal of the case under Rule 41.] While the delay here is not as extreme as that in the *Wilson* case, and Defendant is not currently seeking dismissal for failure to prosecute, a pattern can be seen when comparing that case with the multiple delays and requests for extension now.

4. <u>Delay Within Reasonable Control of the Plaintiff</u>

Fourth, this Court should weigh whether the delay was in the control of the party seeking the extension of time. While it can be presumed the death of a client was not in control of Plaintiff or its counsel, Plaintiff's counsel did have control over how to respond to the death. Rather than immediately contacting the Defendant's counsel or the Court to request an extension which would have been within the response deadline, Plaintiff filed this Motion to Extend Time eighteen (18) days <u>past the deadline</u>. Plaintiff did not even contact Defendant until seven (7) days post-deadline with a request for an extended deadline to June 14, 2024. (**Ex. A.**) Despite this Court advising Plaintiff's counsel to file a request for more time "as soon as possible," the Motion was not submitted until June 10, 2024, ten days after the initial contact with the Defendant and the Court

on May 30, 2024. Now, Plaintiff wants even more time than originally requested – to June 24, 2024. Plaintiff's inability to manage his docket to meet deadlines was within counsel's control – and this factor should be weighed against Plaintiff and in favor of the Defendant.

5. Lack of Good Faith

Finally, the final factor this Court should consider is whether the late-filing party acted in good faith. Plaintiff's Motion insufficiently describes circumstances surrounding the need for delay, therefore, Plaintiff has failed to show that such is made in good faith.

Considering these factors the totality of the circumstances and the equities support a denial of Plaintiff's Motion for Extension of Time as Defendant has suffered prejudiced by Plaintiff's delay due to the pending dispositive motion, the length of the delay and Plaintiff's pattern of delay, and the insufficient pleading of circumstances surrounding the death of his client and why that resulted in a complete inability to file a responsive pleading or seek an extension by the deadline (or even when prompted by the Court to do so).

### III.   CONCLUSION

WHEREFORE, Defendant, the City of Grand Rapids, requests this Honorable Court enter an Order denying Plaintiff's Motion to Extend and award the Defendant such other relief as may be just and appropriate under the circumstances.

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated: June 20, 2024

*/s/ Sarah J. Hartman*
Sarah J. Hartman (P71458)
Attorney for the City of Grand Rapids
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
Ph: (616) 456-3802
shartman@grand-rapids.mi.us

9

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.3(b)(ii)**

This Brief was prepared by the use of Microsoft Word 365 and contains 2,112 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(b)(i).

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated:  June 20, 2024

*/s/ Sarah J. Hartman*
Sarah J. Hartman (P71458)
Attorney for the City of Grand Rapids
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
Ph: (616) 456-3802
shartman@grand-rapids.mi.us