UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

---

AMBIANCE GR, and
JAMAL CHILTON

    Plaintiffs,

v

CITY OF GRAND RAPIDS,

    Defendant.

Civil Action No. 1:23-cv-1335

Hon. Jane M. Beckering

---

| Tyrone Bynum (P82427) | Elizabeth J. Fossel (P41430) |
|---|---|
| *Attorney for Plaintiffs* | Sarah J. Hartman (P71458) |
| Law Offices of Tyrone Bynum PLLC | *Attorneys for City of Grand Rapids* |
| 7125 Hearley Street, Suite 433 | City of Grand Rapids Law Department |
| Ada, MI 49301 | 300 Monroe Ave. NW, Ste. 620 |
| Ph: (616) 608-7409 | Grand Rapids, MI 49503 |
| tyrone@lawofficesoftyronebynumpllc.com | Ph: (616) 456-1318 |
| | efossel@grand-rapids.mi.us |
| | shartman@grand-rapids.mi.us |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 42 U.S.C. §1988**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................ 1

II.  PROCEDURAL HISTORY AND BACKGROUND.......................................................... 1

III. LAW AND ARGUMENT .............................................................................................. 3

    a.  The City of Grand Rapids is Entitled to Attorney Fees and Costs. .................................... 3

    b.  The City's Requested Attorney Fees and Costs are Reasonable. ....................................... 4

    c.  The City, as the Prevailing Party, is also Entitled to Costs................................................. 6

    d.  The City's Requested Attorney Fees and Costs should be Awarded against Ambiance GR, Jamal Chilton, and Plaintiffs' Counsel.......................................................................... 6

IV.  CONCLUSION............................................................................................................. 9

I.      INTRODUCTION

The City of Grand Rapids (the "City") requests this Court to award its reasonable attorney fees and costs pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988(b), Federal Rule of Civil Procedure 54(d), and W.D. Mich. Local Civil Rule 54.1.  Contemporaneously with the filing of this Motion, Defendant is submitting a separate Bill of Costs, but is not seeking to recover those costs twice, but is simply referring to the costs reflected in the Bill of Costs in this Motion for purposes of completeness.

The City is entitled to its reasonable attorney fees and costs because this Court has granted its Motion to Dismiss and entered a corresponding Judgment in the City's favor as to Plaintiff's Section 1983 claim. Accordingly, the City requests this Court enter an Order awarding reasonable attorney fees based on the prevailing market rate as determined by the Court, multiplied by the 100.5 hours reasonably expended by the City's attorneys in defense of Plaintiffs' claims, plus $405.00 in costs.

II.     PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, Ambiance GR, is a Michigan limited liability company that operated a night club venue known as Ambiance GR Kitchen & Lounge at 106 Pearl St. NW in downtown Grand Rapids. (*Second Amended Compl.*, ECF No. 24, PageID.270 at ¶¶1, 3.) On information and belief, Plaintiff Jamal Chilton is one of the owners of Ambiance GR.  Ambiance initiated this lawsuit in Kent County Circuit Court on or around December 20, 2023.  (*Original Complaint,* ECF No. 1-3, PageID.16-21.)  In the original complaint, Ambiance identified the City of Grand Rapids, the Grand Rapids Police Department, and unknown, unidentified individual "Grand Rapids Police Officers" as Defendants, claiming one count of "Discrimination" and a second count of "gross negligence." (*Id.*)

1

The City removed this lawsuit to Federal Court on the basis that it included a claim for civil rights violations (violation of the Equal Protection clause of the 14th Amendment to the United States Constitution). (*Removal,* ECF No. 1, PageID.1-4.) Plaintiff's counsel agreed to remove the Grand Rapids Police Department as a separate party on December 28, 2023, after Defendant prepared a Motion to Dismiss and sought concurrence regarding same. (*Motion,* ECF No. 4, PageID.26.) The City of Grand Rapids moved to dismiss the lawsuit for failure to state a claim, noting that the "Grand Rapids Police Officers" had not been identified or served. (*Brief,* ECF No. 9, PageID.35, n.2.) The basis for the motion to dismiss was that while Plaintiff asserted a Constitutional claim, it failed to do so through 42 U.S.C. §1983. (*Id.* at PageID.40.) Moreover, even if the Complaint had been properly pled, Plaintiff had failed to adequately plead a claim against the City itself. (*Id.* at PageID.41-4.)

After the City filed its first motion to dismiss, Plaintiff's counsel asked for time to file an amended complaint. (*Stipulation and Order,* ECF No. 12, PageID.52.) On February 8, 2024, Plaintiff Ambiance GR, adding Jamal Chilton as a second Plaintiff, filed a First Amended Complaint against the City and "unknown Grand Rapids Police Officers." (*First Am. Compl.,* ECF No. 15, PageID.58.) While the First Amended Complaint did properly identify that it the Equal Protection claim for "Discrimination" was now brought pursuant to 42 U.SC. §1983, it otherwise continued to have the pleading failures of the original complaint – that Plaintiffs had failed to allege a *Monell* claim against the City and failed to identify the individual officers.

The parties' counsel then agreed to permit Plaintiffs to file a *Second* Amended Complaint. (*Stipulation,* ECF No. 22, PagieID.267-8.) Plaintiffs filed a Second Amended Complaint on February 29, 2024, which again alleged "Discrimination" and "Gross Negligence," this time against the City and the "Police Chief," (who was later voluntarily dismissed.) (ECF No. 24,

PageID.270.)  Once again, the pleading did not state a viable Equal Protection claim against the City itself, pursuant to *Monell,* so the City of Grand Rapids again moved for dismissal.  (ECF Nos. 28-29, PageID.310-329.)

Plaintiffs had three chances to plead their case – and none of the subsequent amended filings resolved the key basis for the City's motion to dismiss: that Plaintiffs did not plead a viable cause of action against the City of Grand Rapids.

On October 15, 2024, this Court issued an Opinion and Order dismissing Plaintiffs' sole claim based in federal law, with prejudice, and entered Judgment in the City's favor.  (*Opinion and Order,* ECF No. 39, PageID. 431-441; *Judgment,* ECF No. 40, PageID.442.)  Now, as the prevailing party, the City of Grand Rapids seeks fees and costs pursuant to 42 U.S.C. §1988.

### III.    LAW AND ARGUMENT

#### a.  The City of Grand Rapids is Entitled to Attorney Fees and Costs.

Section 1988 provides that, in any action seeking to enforce a provision of Section 1983, the Court may allow the prevailing party reasonable attorney's fees as part of the bill of costs.  42 U.S.C. §1988(b).  The U.S. Supreme Court has held that a prevailing defendant may receive an award of attorney fees where any of plaintiff's claims were frivolous, unreasonable, or without foundation. *Hughes v. Rowe*, 449 U.S. 5, 14-16, 101 S. Ct. 173, 66 L.Ed.2d 163 (1980) (internal citations omitted). This applies to plaintiffs that both initially bring such a claim as well as those that continue to litigate a claim after it has become clear that their claims meet this standard. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Here, the federal law claim asserted against the City was frivolous, unreasonable, and/or without foundation.  This Court agreed with the City that Plaintiffs did not offer any factual allegations about comparable businesses, as is required for an Equal Protection claim, and did not

3

plead a custom, policy, or practice which could lead to liability against the City itself. [*Opinion and Order,* ECF No. 39, PageID.431-441, *referencing, Monell v. Dep't of Soc. Servs. Of City of New York,* 436 U.S. 658, 690 (1978).] Plaintiffs had multiple opportunities to articulate such claims and identify appropriate comparators, but never did so. Because the City had filed a Moton to Dismiss the original complaint and sought concurrence regarding a potential motion as to the first amended complaint, Plaintiffs were provided with the precise reasons and argument relied on in the City's final motion to dismiss at least twice before the case was decided by this Court. At each opportunity, Plaintiffs failed to remedy these basic pleading errors.

Therefore, the City prevailed, and this Court should find that Plaintiffs' claims were without foundation, frivolous, and/or unreasonable. Defendant, the City of Grand Rapids, is entitled to reasonable attorney's fees, in addition to its costs.

### b. The City's Requested Attorney Fees and Costs are Reasonable.

To determine whether fees are reasonable, courts use the "lodestar" approach, which determines an amount of fees based on the reasonable number of hours billed multiplied by a reasonable billing rate. *Paschal v. Flagstar Bank, FSB*, 297 F.3d 431, 434 (6th Cir. 2002). Here, Defendants' attorneys expended the following number of hours:

| Attorney | Number of Hours |
|---|---|
| Elizabeth J. Fossel | 20.10 Hours |
| Sarah J. Hartman | 80.40 Hours |
| **TOTAL:** | **100.50 Hours** |

Documentation reflecting these hours and the nature of the work performed is attached hereto as **Exhibit A.**

This Court should find the number of hours expended by the City's attorneys to be reasonable. This matter was filed in December 2023, and there has been substantial early pleadings

4

and motion practice, including removal to Federal Court, two amended complaints, and two motions to dismiss. Thus, the number of hours spent were reasonable.

As shown above, Assistant City Attorney Sarah J. Hartman performed much of the relevant work in this litigation. Among other things, Ms. Hartman reviewed core documents in this case and prepared the motions to dismiss. Ms. Hartman has been practicing law for nearly 17 years. During this time, she has developed considerable expertise in civil rights litigation, especially that against law enforcement agencies and municipalities. She has litigated cases in both the Western and Eastern Districts of Michigan, as well as the 6th Circuit Court of Appeals.

Elizabeth Joy Fossel, as Director of Litigation for the City, has been actively involved in this litigation as well, including preparation of the City's motions to dismiss. She has been practicing law since 1988, and her practice has included substantial litigation experience in the U.S. District Courts for the Eastern and Western Districts of Michigan. Ms. Fossel is rated as an AV Preeminent lawyer by Martindale-Hubbell. Here, to determine a reasonable billing rate, Defendants suggest that this Court look to the average hourly rates for attorneys practicing in the areas of civil rights law and litigation in Kent County, Michigan. According to the State Bar of Michigan "Economics of Law Practice 2023,"[1] those rates are as follows:

| Area/Geography | Median Rate | Mean Rate | 75th Percentile | 95th Percentile |
|---|---|---|---|---|
| Civil Litigation | $325 | $351 | $425 | $625 |
| Civil Rights | $350 | $381 | $450 | $710 |
| Kent County | $364 | $374 | $450 | $620 |

"To determine a reasonable hourly rate, courts should look to the 'prevailing market rates in the relevant community.'" *Van Loo v. Cajun Operating Co.*, 2016 WL 6211692, at *3 (E.D. Mich. Oct. 25, 2016) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (6th Cir. 2000)). Based on both Ms. Fossel's

---

[1] https://www.michbar.org/file/pmrc/pdfs/2_2023EOL_SurveyResults.pdf

and Ms. Hartman's substantial experience in civil rights litigation, and that this case is pending in the Western District of Michigan (in Kent County), an hourly rate of $450 is reasonable, representing the 75th Percentile rates for Civil Rights and Kent County cases. With that rate, the "lodestar" calculation of reasonable attorney's fees would be as follows:

| Attorney | No. of Hours | Rate | Lodestar |
| --- | --- | --- | --- |
| Elizabeth J. Fossel | 20.10 Hours | $450 | $9,045 |
| Sarah J. Hartman | 80.40 Hours | $450 | $36,180 |
| TOTAL | 100.5 Hours | | $45,225 |

### c. The City, as the Prevailing Party, is also Entitled to Costs.

Contemporaneously with the filing of this Motion, the Defendant is also submitting a Bill of Costs, seeking reimbursement for the following costs related to the instant litigation in the amount of $405.00, representing the filing fee paid by the Defendant upon removing the case to this Court.

### d. The City's Requested Attorney Fees and Costs should be Awarded against Ambiance GR, Jamal Chilton, and Plaintiffs' Counsel.

This Court has the inherent power to regulate the conduct of the lawyers who appear before it. *See, Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This includes a "district court's inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997)(citations omitted). Specifically, this Court's authority includes imposing sanctions when the Court finds "bad faith" or "conduct 'tantamount to bad faith.'" *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). The Sixth Circuit has found that bad faith exists when: (1) "the claims advanced were meritless;" (2) "that counsel knew or should have known that the claims were meritless;" and (3) "the claims were pursued for

6

an improper purpose." *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997) (quoting *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1375 (6th Cir. 1987)). A party's conduct that amounts to bad faith "often automatically satisfies the improper purpose prong of the *Big Yank* test." *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010) (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002)).

Here, the circumstances warrant an award of attorneys' fees to the City, not only against the Plaintiffs themselves, but also against their attorney, who acted with conduct tantamount to bad faith when he repeatedly advanced claims which were meritless and which counsel knew or should have known that they were.

First, the original pleading was made against the City of Grand Rapids *and its Police Department.* (*Original Complaint,* ECF No. 1-3, PageID.16-21.) The undersigned counsel had to spend time and effort to get Plaintiffs' counsel to agree that the Police Department could not be sued separately. (*Motion,* ECF No. 4; *Motion to Dismiss,* ECF No. 9, PageID.39-40.) This is not the first time Plaintiffs' counsel has made such an assertion against the Grand Rapids Police Department, and, therefore, doing so in this instance was bad faith. (*See, Mickens, et al v. City of Grand Rapids, et al*, Case No. 1:21-cv-846, wherein Judge Green found that the City was entitled to Section 1988 costs and fees, finding that it is well-settled that "a police department is not a legal entity capable of being sued in a 42 U.S.C. §1983 action." (*Order,* attached as **Exhibit B**.)[2]

Next, as in the prior case, Plaintiffs' attorney failed to state a claim against the City of Grand Rapids itself. As Judge Green stated in the *Mickens* case, "the City of Grand Rapids cannot

---

[2] It is worth noting that in the *Mickens* lawsuit, Attorney Bynum knew to plead a constitutional claim against the municipality pursuant to 42 U.S.C. §1983, something that was the basis of the City's first motion to dismiss in this case. (*Brief,* ECF No. 9, PageID.35.)

7

be held liable under §1983 solely because it employs a tortfeasor … Plaintiffs must establish they suffered a constitutional injury as a result of 'official municipal policy.'" (*Order,* **Ex. B** at p. 2 of 4.)  There, the "Court concluded that Plaintiffs' unsupported conclusion that their rights were violated…was insufficient to maintain a claim." (**Ex. B.**)  The pleading defects in the *Mickens* case are substantially similar to the pleading defects of this case.  It cannot be stated now that Plaintiffs' attorney did not know that the police department could not be separately sued nor that a claim could be brought against the City without pleading through *Monell*.

Additionally, Plaintiffs' attorney represented another plaintiff in the case of *Wilson v. Kent County Sheriff, et al,* Case No. 1:20-cv-945.  In that case, this Court found that Plaintiff's claims against the Kent County Sheriff and Kent County failed because Plaintiff relied on a theory of respondeat superior and failed to establish a municipal "policy" violative of the constitution.  (*Opinion,* attached as **Exhibit C.**)  Again, there was a failure to establish a claim for municipal liability.

Now, this Court, approximately two years after each of these decisions, held nearly the same thing: "…Plaintiffs' allegations do not plausibly connect that alleged harm to the City." (*Opinion and Order,* ECF No. 39, PageID.438.)  Again, this Court held that "Plaintiffs cannot meet their pleading burden by simply stating that a custom exists.  Plaintiffs' Count I supplies no factual basis from which this Court could reasonably infer that the City is liable for the alleged constitutional violation." (*Id.*, PageID.440.)

Federal Rule of Civil Procedure 11 permits an award of sanctions where the claims are not warranted by existing law or are frivolous.  Fed. R. Civ. P. 11(b)(2).  The rationale for imposing sanctions under Rule 11 is primarily deterrence.  Fed. R. Civ. P. 11(c)(4) (sanction limited to "deter repetition of the conduct or comparable conduct…")  While the City is not presently seeking

8

sanctions pursuant to Rule 11, but instead through this Court's inherent authority to award fees when a party litigates "in bad faith" (*Big Yank Corp, supra*) and pursuant to 42 U.S.C. §1988, in this instance, the City's costs and fees should be awarded against not only Plaintiffs, but also their counsel as a deterrent to future comparable conduct.

### IV. CONCLUSION

For the foregoing reasons, the City of Grand Rapids respectfully requests that this Honorable Court enter an Order:

A. Awarding reasonable attorney fees in the amount of **$45,225.00**, or an amount based on the prevailing market rate as determined by the Court, multiplied by the 100.5 hours reasonably expended in defense of this case,

B. Awarding the City of Grand Rapids its costs of $405.00;

C. Making the award against Ambiance GR, Jamal Chilton, and Plaintiffs' attorney, jointly and severely; and

D. Granting to the City of Grand Rapids such other relief as is just and proper under the circumstances.

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated: <u>November 8, 2024</u>

By: <u>*/s/ Sarah J. Hartman*</u>
Sarah J. Hartman (P71458)
Assistant City Attorney
Attorney for City of Grand Rapids
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
shartman@grand-rapids.mi.us
Direct: 616-456-3802

9

**CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.3(d)**

This Brief was prepared by the use of Microsoft Word 365 and contains 2,651 words, excluding the case caption, cover sheets, table of contents and authorities, signature block, attachments, exhibits, affidavits, and other addenda. This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(d).

Respectfully submitted,

THE CITY OF GRAND RAPIDS,

Dated: November 8, 2024

By: */s/ Sarah J. Hartman*
Sarah J. Hartman (P71458)
Assistant City Attorney
Attorney for City of Grand Rapids
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
shartman@grand-rapids.mi.us
Direct: 616-456-3802